**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GRACE PARK, individually and on behalf of all
others similarly situated,

Plaintiffs,

vs.

FDM GROUP HOLDINGS PLC and FDM
GROUP, INC.

Defendants.

Civil Action No.

**CLASS ACTION COMPLAINT FOR**
**DAMAGES, RESTITUTION AND**
**INJUNCTIVE RELIEF**

**JURY TRIAL DEMAND**

---

Plaintiff Grace Park ("Plaintiff"), individually and on behalf of all others similarly

situated, by their attorneys, The Law Office of Christopher Q. Davis, alleges, upon personal

knowledge and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1.      This is a collective and class action brought by Individual and Representative

Plaintiff Grace Park and all putative plaintiffs (collectively "Plaintiffs"), on their own behalf and

on behalf of the Proposed Collective Classes and Classes identified below.  Plaintiff and the

putative collective class and class members were or are employed by Defendants FDM Group

Holdings PLC and FDM Group, Inc. ("FDM") in the United States (collective claims) and New

York (class claims) during the relevant Class and Collective Class Periods as "FDM

Consultants" providing professional IT and business services to FDM's institutional clients.

FDM Consultants were unlawfully denied minimum wage, gap time and overtime compensation,

subjected to unlawful "kickback" of their earned wages, and deprived of the benefit of lawful

recordkeeping practices in violation of federal and/or state wage and hour laws.  These violations

were pursuant to uniform policies and practices, including a uniform Contract of Employment and Training Agreement (the "Employment Agreement") extended to all members of the Collective Classes and Classes.  These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      The Collective Classes are made of all persons who are or have been employed by Defendants as FDM Consultants in the United States within the period of six years (equitably tolled from three years) prior to this action's filing date through the date of the final disposition of this action (the "Collective Class Period") and who were subject to Defendants' unlawful and uniform practice of misclassifying the trainee collective class Plaintiffs as exempt from the FLSA's overtime pay and minimum wage requirements and failing to pay those wages, failing to pay the employee Collective Class Plaintiffs a predetermined and fixed salary of at least $455 per week or at a rate of not less than $27.63 per hour, and failing to pay the minimum wage for each hour worked and overtime premiums for all hours worked over 40 during the Collective Class Period.

3.      The Classes are made up of all persons who are or have been employed by Defendants' as FDM Consultants having agreed to NY choice of law and forum selection clauses within the period of six years prior to the filing date of this Complaint ("the Class Period") and who were subject to Defendants' unlawful and uniform practices of: (i) misclassifying the trainee class of Plaintiffs as exempt from the NYLL's overtime pay and minimum wage requirements and failing to pay those wages; (ii) failing to pay the employment class a predetermined and fixed salary of at least $455 per week or not less than $27.63 per hour, and failing to pay them minimum wage and gap time compensation for each hour worked and overtime premiums for all hours worked over 40 during the Class Period; (iii) subjecting Plaintiffs to unlawful deductions

from earned salary and wages, whether by "separate transaction" kickbacks or by direct deduction from earned compensation; and (iv.) failing to maintain accurate and lawful timekeeping records.

4.      Plaintiffs seek relief for the Classes pursuant to the applicable provisions of the New York Labor Law ("NYLL") and Collective Classes under the Fair Labor Standards Act ("FLSA"), to remedy the Defendants' failure to pay all wages due and for recordkeeping failures, in addition to injunctive relief.

**PARTIES**

5.      Individual and representative Plaintiff Grace Park resides in New Jersey.  She was previously employed by Defendants as an FDM Consultant between August 2014 and October 2015 pursuant to the Employment Agreement signed by Plaintiff and Defendants.  In the Employment Agreement, the parties agreed to the jurisdiction of the New York courts for determining any controversy relating to the Employment Agreements, and that New York law would govern.

6.      Defendant FDM Group, Inc. is a Delaware corporation registered to conduct business in New York, and maintaining corporate headquarters at 14 Wall Street, New York, NY, 10005.  Defendant maintains US-based offices in New York, New Jersey, Connecticut, Tennessee, Texas, and Illinois.  Defendant FDM Group, Inc. is a wholly-owned subsidiary of Defendant FDM Group Holdings plc.

7.      Defendant FDM Group Holdings plc is a Public Limited Company (corporation) registered in England (Reg. No. 07078823) with a principal place of business in London.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  The Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332.

9.      In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 207 *et seq*.

10.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11.      Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391 because wage violations giving rise to Plaintiffs' claims occurred in this District and because the Plaintiffs consent to the forum in writing.

12.      Defendants are subject to personal jurisdiction in New York.

## COLLECTIVE ACTION ALLEGATIONS

13.      Plaintiffs bring FSLA claims on behalf of themselves and other employees similarly situated as authorized under 29 U.S.C. § 216(b).  The employees similarly situated are:

**Collective Classes**:      A1.  <u>Federal Minimum Wage (trainee class)</u>: All persons who are or have participated in the FDM Training Program for FDM Consultants as unpaid "Trainees" in the United States within the period of six years (equitably tolled from three years) prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendants' unlawful and uniform practices of misclassifying Plaintiffs as exempt trainees not subject to the FLSA's minimum wage requirements, and failing to pay them the federal minimum wage for each hour worked during the training period.

A2.  <u>Federal Minimum Wage (employment class)</u>: All persons who are or have been employed  by Defendants as FDM Consultants in the United States within the period of six years (equitably tolled from three years) prior to this action's filing date through the date of the final disposition of this action and who were subject to

Defendants' unlawful and uniform practice of misclassifying Plaintiffs as exempt from the FLSA's minimum wage requirements, failing to pay a predetermined and guaranteed salary of at least $455 per week or an hourly rate of not less than $27.63 per hour for each hour worked, and failing to pay the federal minimum wage for each hour worked during the employment period.

B1.   <u>Federal Overtime Pay (trainee class)</u>:  All persons who are or have participated in the FDM Training Program for FDM Consultants as unpaid "Trainees" in the United States within the period of six years (equitably tolled from three years) prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendants' unlawful and uniform practice of misclassifying Plaintiffs as exempt trainees not subject to the FLSA's overtime pay requirements, and failing to pay them overtime premiums for all hours worked over 40 in a workweek during the training period.

B2.  <u>Federal Overtime Pay (employment class)</u>: All persons who are or have been employed by Defendants as FDM Consultants in the United States within the period of six years (equitably tolled from three years) prior to this action's filing date through the date of the final disposition of this action who worked over 40 hours in at least one workweek during the Collective Class Period and who were subject to Defendants' unlawful and uniform practice of misclassifying Plaintiffs as exempt from the FLSA's overtime pay requirements, failing to pay a predetermined and guaranteed salary of at least $455 per week or an hourly rate of not less than $27.63 per hour for each hour worked, and failing to pay lawful overtime premiums for all hours worked over forty during a workweek.

14.     Defendants employed Plaintiff and the Collective Class during the Collective Class Period.

15.     Plaintiff was required to abide by the terms of the US Staff Handbook.  The US Staff Handbook, by its own terms, applies to all FDM Consultants.

16.     Further, Plaintiff was required to agree to the terms of an Employment Agreement as a condition of her employment with FDM.

17.     All FDM Consultants are subject to the same Employment Agreement.

18.     According to FDM's US Staff Handbook, an FDM Consultant is defined as "An Employee who has been through the FDM Academy training program and has been engaged at a client site to work on behalf of FDM Group."

19.     On information and belief, Defendants have employed more than 300 FDM Consultants during the Collective Class Period through its US-based office and client sites.

20.     FDM's main business activities involve recruiting, training and placing their own permanent FDM Consultants with institutional clients (many in the financial and pharmaceutical industries) across a range of technical and business disciplines including Development, Testing, Project Management Office, Data and Operational Analysis, Business Analysis, Business Intelligence, and Production Support called "streams".

21.     Plaintiff was recruited and trained for placement through the Data and Operational Analysis stream.  Following her training, she was placed at a financial institution in Delaware for her two-year placement term.

22.     All FDM Consultants are W2 employees of FDM.

23.     According to the Handbook and the standard Employment Agreement, all FDM Consultants were compensated for normal hours of work of 40 hours per week.  More specifically, according to standard placement letters, "unless FDM is able to agree [to] [SIC] an additional fee with the client [FDM Consultants] will not receive any additional payments for hours worked beyond the standard hours on any day. . . this includes occasions where the client specifically requests that you remain at work later to carry out further work." [emphasis added]

24.     Despite this, Plaintiff and the Collective Class and Class Members regularly worked over 40 hours per week.

25.     According to the Handbook and standard Employment Agreement, all FDM Consultants were paid according to a hybrid compensation structure which included a low salary (known as "basic pay") and a daily performance bonus.

26.     Plaintiff was paid a daily bonus of $88.00 if she worked a full 8-hour day, and a half-day bonus of $44.00 if she worked at least four hours.  If Plaintiff took vacation or sick days, she would not be paid her daily bonus.

27.     The bonus was not paid in hourly increments, and no part of FDM Consultants' compensation was based on an hourly rate.

28.     For Plaintiff's first year of employment, pursuant to the terms of the Employment Agreement she signed with Defendants, Plaintiff was paid $1,916.67 per month in basic pay.

29.     Upon information and belief, all FDM Consultants were compensated in their first and second years of their contract at the same basic pay and daily bonus rates.

30.     Both the daily bonus and the basic pay components of FDM Consultants' compensation were subject to fluctuation based on the quality or quantity of the Consultant's work, or for other reasons, including the availability of work, part-day absences, and disciplinary deductions.

31.     For instance, according to FDM policy uniformly applicable to Plaintiffs and the putative Collective Class, FDM Consultants would not be paid their performance bonus if they failed to forward a copy of their timesheets approved by the client in a timely manner.  Further, according to uniform FDM policy, in the event a client failed to approve a timesheet due to performance, conduct or absence issues, then the performance bonus would not be paid.

32.     In addition, according to the standard Employment Agreement, if an FDM Consultant does not complete the minimum two-year commitment, the Consultant must pay a

Termination Fee of $30,000 if the Consultant leaves employment within the first year, and $20,000 in the event the Consultant leaves employment in the second year.  The FDM Consultant must also pay interest and FDM's attorneys' fees if a breach of contract action is needed to enforce the Termination Fee provision.

33.     The standard Employment Agreement commits an FDM Consultant to two years of employment with FDM in acknowledgment of the fact that "the Company has incurred significant costs in training for which there has been no charge to the Employee."  If an FDM Consultant remains with FDM for more than two years, they are not obligated to pay any Termination Fee.

34.     FDM Consultants were required to "kick back" their earned compensation (both the basic pay and daily bonus components) in order to pay the Termination Fee in the event they resigned their employment before the end of their two-year commitment in order to repay training costs.

35.     As authorized in Section 4.3 of the Standard Employment Agreement, unless the FDM Consultant pays the fee by their last day of employment, FDM deducts from their final wages (basic pay, accrued daily bonus compensation and holiday pay) in order to "partially settle liability".  It is the regular practice of FDM to insist on payment of the Termination Fee before the Consultant's final day of employment.  If any balance remains following offset against compensation, FDM Consultants are then responsible for the payment of the balance of the Termination Fee by separate transaction.[1]

---

[1] Aside from violating the FSLA's "salary basis" requirements under relevant exemptions, the Termination Fee is also an unenforceable penalty according to New York State precedent on the subject.

36.     Under the FLSA, requiring employees to make out-of-pocket reimbursements from compensation already received resulted in employees not receiving their predetermined salaries when due on a "guaranteed" basis or "free and clear" and produces impermissible reductions in salary compensation because of the quality of the work performed under the terms of the employer's policies, contrary to 29 C.F.R. § 541.602(a).

37.     Further, the Termination Fee and other deductions cannot lawfully be credited against minimum wage or overtime wages under the FLSA and instead amount to an unlawful "kick back" pursuant to 29 C.F.R. § 531.35.  These deductions are separately illegal under the NYLL to the extent they reduce any form of compensation, including "gap time" wages.

38.     Plaintiff resigned shortly before the start of her second year.  FDM agreed to deem her resignation as having taken place in her second year for the sake of determining the amount of her Termination Fee, and she was allowed to pay a Termination Fee of $20,000 instead of $30,000.  Plaintiff paid the Termination Fee shortly after resigning.

39.     Plaintiff is aware of at least two other FDM Consultants employed with FDM during the Collective Class Period who have resigned and paid the Termination Fee.  Upon information and belief, FDM enforces the Termination Fee provision of the Employment Agreement in every instance of separation before the conclusion of the two-year commitment.[2]

---

[2] While Plaintiff's proposed "employment" minimum wage and overtime collective class and classes are presently defined based on "salary-basis" failures, Plaintiff intends to conduct class-related discovery on the duties of collective class and class members and determine if common questions of fact exist sufficient to pursue class certification based on common duties. According to the "New York Pay Notice" provided to Plaintiff and all members of the putative Collective Classes and Classes, Plaintiff and all other FDM Consultants were classified as exempt from overtime pay "under the FLSA {SIC} for salaried professionals." No exemption to the overtime pay requirements exists for "salaried professionals" under the FLSA which would apply to Plaintiffs and the putative class.  Notably, under the Opinion Letters issued by the New York State Department of Labor, a "Database Analyst" in the financial industry performing similar duties as Plaintiff was deemed to be a nonexempt employee subject to the FLSA. According to the reasoning of the Opinion Letter, if an employee's work is "highly dependent

40.     Plaintiffs and the Putative Collective Class and Class Members were also not paid hourly compensation fixed at a rate of no less than $27.63 per hour since no portion of their compensation was paid on at a fixed hourly basis.  Plaintiffs' daily bonus was not paid on an hourly basis, was not predetermined, and was also subject to reduction by the aforementioned policies.

41.     By enforcing the Termination Fee provision in the Employment Agreement and requiring FDM Consultants to repay their training costs through reimbursement, Defendants subject them to an actual practice and clear policy of improper reductions to their salary demonstrating that Defendants never intended to pay them a bona fide salary as required by the salary-basis test.

42.     Further, since Plaintiff was required to kick back $20,000 of her monthly base pay and daily bonuses, she and other members of the Employment Minimum Wage Class suffered minimum wage and "gap time" damages given the fact that the kick backs reduced her monthly base pay and daily bonus for the final compensation periods to zero.

43.     In addition, all FDM Consultants are required to undergo training specific to their stream through FDM's Training Academy before they are permanent placed at client sites.  The training lasts between two and six months depending on the stream.

44.     Plaintiff and the putative Collective Class and Class Members trained at Defendants' Wall Street office in New York City.

---

upon, or facilitated by the use of computers and computer software programs," the employee would not fall within the exemption.  Upon information and belief, most of the IT-related positions which FDM Consultants assumed following training would fall within this category of nonexempt employment.

45.     FDM did not pay FDM Consultants for training during the majority of the training period and only recently began paying FDM Consultants for training.  According to the US Staff Handbook, FDM Consultants are considered unpaid "Trainees" during the training period.  FDM Consultants only receive compensation in the form of basic pay and the daily bonus pay once they are placed at client sites for their period of their two-year commitment at the end of training.

46.     FDM mandates that all FDM Consultants attend training.

47.     Plaintiff she trained for two months and did not receive any compensation for her training.  Upon information and belief, nor did any member of her training class, all of whom were recruited for placement as FDM Consultants at the conclusion of her training.

48.     During her training period, Plaintiff participated in classroom and practical skill development training, as did all of the other members of her stream who trained at the same time.

49.     Plaintiff received training for approximately eight hours per day while she was training as did all other members of her stream who trained with her, sometimes longer.

50.     Shortly after Plaintiff resigned, FDM began paying FDM Consultants for training time.

51.     Plaintiff and the putative members of the collective class were improperly classified as non-employee "trainees" during their training period and not paid.

52.     Plaintiffs were "employees" during their training period and not "trainees" as those terms are defined by the FLSA and DOL regulations.

53.     As such, Plaintiff and the Overtime and Minimum Wage Trainee Collective Classes was deprived of lawful minimum wage and overtime compensation during the training period.

54.     During her employment, Plaintiff informed her FDM supervisor that she was regularly working over forty hours per week and inquired about receiving overtime pay. Plaintiff was informed that unless her placement manager approved it, she was not eligible for overtime pay.

55.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

56.     Further, Defendants failed to conspicuously post notice in the workplace advising Plaintiffs of their statutorily-protected right to minimum wage and overtime compensation.

57.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who were subject to the aforementioned policy in violation of the FLSA and who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to the Defendants and are readily identifiable through Defendants' records.

## CLASS ALLEGATIONS

58.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**Proposed Classes**:      A1.  <u>State Minimum Wage (trainee class)</u>: All persons who have participated in, or have participated in, the FDM Training Program for FDM Consultants as unpaid "Trainees" having agreed to NY choice of law and forum selection clauses within the period of six years prior to this action's filing date through the date of the final disposition of this action and who signed a common Employment Agreement, who were subject to Defendants' unlawful and uniform practice of misclassifying Plaintiffs as exempt trainees not subject to the NYLL's minimum wage requirements, and who

were not paid the state minimum wage for each hour worked during the training period.

A2.   State Minimum Wage (employment class): All persons who are or who have been employed by Defendants as FDM Consultants having agreed to NY choice of law and forum selection clauses within the period of six prior to this action's filing date through the date of the final disposition of this action and who signed a common Employment Agreement, were subject to Defendants' unlawful and uniform practice of misclassifying Plaintiffs as exempt from the NYLL's minimum wage requirements, were not paid a predetermined and guaranteed salary of at least $455 per week or an hourly rate of not less than $27.63 per hour for each hour worked, and were not paid the state minimum wage for each hour worked.

B1.   State Overtime Pay (trainee class):  All persons who are participating in, or who have participated in, the FDM Training Program for FDM Consultants having agreed to NY choice of law and forum selection clauses as unpaid "Trainees" within the period of six years prior to this action's filing date through the date of the final disposition of this action and who signed a common Employment Agreement, were subject to Defendants' unlawful and uniform practice of misclassifying Plaintiffs as exempt trainees not subject to the NYLL's overtime pay requirements, and were not paid overtime premiums for all hours worked over 40 in a workweek during the training period.

B2.   State Overtime Pay (employment class): All persons who are or have been employed by Defendants as FDM Consultants having agreed to NY choice of law and forum selection clauses within the period of six prior to this action's filing date through the date of the final disposition of this action who worked over 40 hours in at least one workweek during the Class Period and who were subject to Defendants' unlawful and uniform practice of misclassifying Plaintiffs as exempt from the NYLL's overtime pay requirements, failing to pay Plaintiffs a predetermined and guaranteed salary of at least $455 per week or an hourly rate of not less than $27.63 per hour for each hour worked, and failing to pay lawful overtime premiums for all hours worked over forty during a workweek.

B3.   NY State Wage Deduction Claims:  All persons who are or have been employed by Defendants as FDM Consultants having agreed to NY choice of law and forum selection clauses within the period of six prior to this action's filing date through the date of the final disposition of this action and were subjected to unlawful

wage deductions by direct deduction from wages or separate transaction.

59.     Plaintiffs incorporate by reference the facts alleged in the preceding paragraphs above.

60.     <u>Numerosity</u>:     The Proposed Classes is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants employed at least 40 people who satisfy the definition of the Proposed Classes.

61.     <u>Typicality</u>:     The Plaintiffs' claims are typical of the members of the Proposed Classes.  Plaintiff is informed by other FDM Consultants that the Putative Members of the Collective Classes and Classes were subject to the aforementioned unlawful policies during the Class Period.  Plaintiffs had the similar duties as other Collective Class and Class Members, and were compensated the same according to a common Employment Agreement and US Staff Handbook.  All Plaintiffs were subject to Defendants' unlawful policies and practices as alleged more fully above, including failing to pay for a compensable training period, enforcing a deduction practice amounting to a "kick back" of lawful wages, and otherwise uniformly failing to pay all minimum wages and lawful overtime premiums for all hours worked in excess of 40 during a work week during the training and employment periods.

62.     <u>Superiority</u>:     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

63.     <u>Adequacy</u>:     Plaintiffs will fairly and adequately protect the interests of the Proposed Collective Classes and Classes, and have retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

64.     Commonality:  Common questions of law and fact exist to all members of the Proposed Classes and predominate over any questions solely affecting individual members of the Proposed Classes, including but not limited to:

  a.   Whether Defendants improperly classified the Proposed Classes of ADM Consultants as trainees under the NYLL;

  b.   Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the Proposed Classes in violation of NYLL;

  c.   Whether Defendants unlawfully failed to pay appropriate minimum wage compensation to members of the Proposed Classes in violation of the NYLL;

  d.   Whether Defendants paid wages "free and clear" of any unlawful deductions as required by the FLSA and the NYLL;

  e.   Whether Defendants maintained lawful wage and hour records under the NYLL;

  f.   Whether Defendants employed Plaintiff and the Proposed Classes within the meaning of New York law;

  g.   The proper measure of damages sustained by the Proposed Classes; and

  h.   Whether Defendants' actions were "willful."

65.     The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

66.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Classes predominate over any questions affecting only individual members of the Proposed Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants' common and uniform policies and practices denied the Proposed Classes the wages to which they are entitled.  The damages suffered by the individual members of the Proposed Classes are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

67.     Plaintiffs intend to send notice to all members of the Proposed Classes to the extent required by Rule 23.  The names and addresses of the Proposed Classes are available from Defendant

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Unlawful Failure to Pay Overtime Compensation under the Fair Labor Standards Act)**

68.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

69.     Plaintiffs' consent in writing to be a part of this action, pursuant to 20 U.S.C. § 216(b).  Plaintiffs' written consent form is attached hereto.  Also attached are the written consent forms of additional similarly situated individuals who are interested in joining this case as opt-in plaintiffs.  Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

70.     At all relevant times, Defendants have been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendants have employed and continues to ADM

Consultants, including Plaintiffs, and the Collective Class members.  At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.00.

71.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

72.     During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per workweek without overtime compensation.  Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them overtime compensation.

73.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 20 U.S.C. § 201, et seq.

74.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

75.     Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b

## AS AND FOR A SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)

76.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

77.     At all relevant times, Plaintiffs were employees and Defendant has been an employer within the meaning of the New York Labor Law.

78.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant.

79.     Defendant has failed to pay Plaintiffs and the Rule 23 Class the overtime wages to which they were entitled under the New York Labor Law.

80.     By Defendants' failure to pay Plaintiffs and the Rule 23 Class Members premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

81.     Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Unlawful Failure to Pay Minimum Wage Compensation under the Fair Labor Standards Act)**

82.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

83.     At all relevant times herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

84.     The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of

goods for commerce, per 29 U.S.C. §206(a); 29 U.S.C. § 207(a)(1).

85.     Defendants, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay Plaintiffs and other similarly situated employees minimum wage.

86.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from minimum wage obligations.  None of the FLSA exemptions apply to Plaintiffs or other similarly situated employees.

87.     Plaintiffs and all similarly situated employees are victims of a uniform and employer-based compensation policy.  Upon information and belief, this uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all FDM Consultants employed throughout Defendants the United States.

88.     Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees, in addition to payment of back minimum wages, are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

89.     Alternatively, should the Court find Defendants did not act willfully in failing to pay minimum wage, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Pay Lawful Minimum Wages in Violation of NYLL § 652 and Article 19)

90.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

91.     At all relevant times, Plaintiffs were employees within the meaning of the New York Labor Law.

92.     The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

93.     Defendants have failed to pay Plaintiffs and the Rule 23 Classes the minimum wages to which they were entitled under the New York Labor Law.

94.     By Defendants' failure to pay Plaintiff and the Rule 23 Class Members minimum wages, they have willfully violated the New York Labor Law Article 19, §§ 652 *et seq.*, and the supporting New York State Department of Labor Regulations.

95.     Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their unpaid state minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Unlawful Deductions from Wages in Violation of NYLL § 193)**

96.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

97.     At all relevant times, Plaintiffs were employees within the meaning of the New York Labor Law.

98.     The Individual Defendants exercise control over the nature and structure of the employment relationship and economic control over the relationship such that they are "employers" under the FLSA and NYLL and are therefore individually subject to liability.

99.     Section 193 of the New York Labor Law expressly prohibits an employer from making unauthorized deductions from employees' wages.

100.     Section 193 prohibits deductions from employees' wages unless the deductions are (1) expressly authorized by and for the benefit of the employee and (2) limited to the enumerated categories of permissible deductions.

101.     Defendants made deductions from the wages of the Plaintiffs and the Putative Class for purposes that are not permissible under the statute.

102.     The deductions made by Defendants were not made for their benefit.

103.     By Defendants' practice of making unlawful deductions from Plaintiffs' and the class' earned wages, whether by direct payroll deduction or separate transaction, Plaintiffs and the members of the class were damaged in an amount to be proven at trial.

104.     Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants all wages unlawfully deducted or charged, and all unlawful payments required by separate transaction, plus reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Pay Gap Time/Straight Time Wages in Violation of NYLL § 663)

105.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

106.     At all relevant times, Plaintiffs were employees and Defendants have been employers within the meaning of the NYLL.

107.     The Individual Defendants have exercised control over the nature and structure of the employment relationship and economic control over the relationship such that they are "employers" under the FLSA and NYLL and are therefore individually subject to liability.

108.     The provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

109.     NYLL § 663(1) states: "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled … he or she shall recover in a civil action the amount of any such underpayments …"

110.     Defendants have failed to pay Plaintiffs and the Class the straight time/gap time wages to which they were entitled under the NYLL.

111.     By Defendants' failure to pay Plaintiffs and the Class straight time/gap time wages, they have willfully violated Article 19, §§ 663 *et seq.* of the NYLL and the supporting New York State Department of Labor Regulations.

112.     Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from defendants their unpaid gap time wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (New York Notice and Recordkeeping Requirements, NYLL §§ 195, 198)

113.     Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs.

114.     At all relevant times, Plaintiff was an employee and the Defendants have been an employer within the meaning of the New York Labor Law.

115.     Defendants did not provide Plaintiffs and the members of the Classes with a written notice of their rate of pay, regular payday, and such other information as required by NYLL § 195(1).

116.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the Classes are entitled to an award of damages pursuant to NYLL § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

**AS AND FOR A EIGHTH CAUSE OF ACTION**
**(New York Wage Statement Provisions, NYLL §§ 195, 198)**

117.     Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs.

118.     At all relevant times, Plaintiffs were employees and the Defendants have been an employer within the meaning of the New York Labor Law.

119.     Defendants did not provide Plaintiffs and the members of the Class with a legally sufficient wage statement upon the payment of wages, as required by NYLL § 195(3).

120.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the Classes are entitled to an award of damages pursuant to NYLL § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Proposed Classes, pray for relief as follows:

A.     That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B.     That Defendants are found to have violated the provisions of the New York Labor Law as to Plaintiffs and the Classes;

C.     That Defendants are found to have violated the Federal Fair Labor Standards Act as to Plaintiffs and the Collective Classes;

D.     That Defendants' violations as described above are found to be willful;

E.     An award to Plaintiffs and the Collective Classes and Classes for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

F.      That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA and the NYLL;

G.      An award of reasonable attorney's fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

H.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

<u>**JURY DEMAND**</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

DATED:  February 26, 2016

The Law Office of Christopher Q. Davis, PLLC

Christopher Q. Davis (CD-7282)
Rachel M. Haskell (RH-8248)

225 Broadway
Suite 1830
New York, New York 10007
Telephone: (646) 430-7930

Attorneys for Plaintiffs and the Proposed Collective Classes and Classes