**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRACE PARK, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FDM GROUP HOLDINGS PLC and FDM GROUP, INC. <br><br> Defendants. | Civil Action No. 1:16-cv-01520-LTS <br><br> **FIRST AMDNEDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** <br><br> **JURY TRIAL DEMAND** |

Plaintiff Grace Park ("Plaintiff"), individually and on behalf of all others similarly situated, by their attorneys, The Law Office of Christopher Q. Davis, alleges, upon personal knowledge and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1.      This is a collective and class action brought by Individual and Representative Plaintiff Grace Park and all putative plaintiffs (collectively "Plaintiffs"), on their own behalf and on behalf of the Proposed Collective Classes and Classes identified below.  Plaintiff and the putative collective class and class members were or are employed by Defendants FDM Group Holdings PLC and FDM Group, Inc. (collectively "FDM" or "Defendants") in the United States (collective claims) and New York (class claims) during the relevant Class and Collective Class Periods as either post-offer "Trainees" and/or "FDM Consultants" providing professional IT and business services to FDM's institutional clients.  FDM Trainees were unlawfully denied the minimum wage for all hours worked and FDM Consultants were unlawfully denied minimum

1

wage, gap time and overtime compensation, subjected to unlawful "kickback" of their earned wages. Both the Trainees and FDM Consultants were deprived of the benefit of lawful recordkeeping practices in violation of federal and/or state wage and hour laws. All of these violations were pursuant to uniform policies and practices, including a uniform Training Agreement (the "Training Agreement"), Contract of Employment ("Employment Agreement") and FDM US Staff Handbook and extended to all members of the Collective Classes and Classes. All of these employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The Collective Classes are made of all persons who are or have been employed by Defendants as Trainees and/or FDM Consultants in the United States within the period of six years (equitably tolled from three years) prior to this action's filing date through the date of the final disposition of this action (the "Collective Class Period") and who were subject to Defendants' unlawful and uniform practice of misclassifying the Trainee Collective Class Plaintiffs as exempt from the FLSA's minimum wage requirements and failing to pay those wages, and failing to pay the FDM Consultant Collective Class Plaintiffs a predetermined and fixed salary of at least $455 per week or at a rate of not less than $27.63 per hour, and failing to pay the minimum wage for each hour worked and overtime premiums for all hours worked over 40 during the Collective Class Period.

3. The Classes are made up of all persons who are or have been employed by Defendants' as Trainees and/or FDM Consultants having agreed to NY choice of law and forum selection clauses within the period of six years prior to the filing date of this Complaint ("the Class Period") and who were subject to Defendants' unlawful and uniform practices of: (i) misclassifying the Trainee Class of Plaintiffs as nonemployees and thus exempt from the

NYLL's minimum wage requirements and failing to pay those wages; (ii) failing to pay the FDM Consultant Class a predetermined and fixed salary of at least $455 per week or not less than $27.63 per hour, and failing to pay them minimum wage and gap time compensation for each hour worked and overtime premiums for all hours worked over 40 during the Class Period; (iii) subjecting the FDM Consultant Class Plaintiffs to unlawful deductions from earned salary and wages, whether by "separate transaction" kickbacks or by direct deduction from earned compensation; and (iv.) failing to maintain accurate and lawful timekeeping records for both the Trainee Class and FDM Consultant Class.

4.     Plaintiffs seek relief for the Classes pursuant to the applicable provisions of the New York Labor Law ("NYLL") and Collective Classes under the Fair Labor Standards Act ("FLSA"), to remedy the Defendants' failure to pay all wages due and for recordkeeping failures, in addition to injunctive relief and declaratory relief.

**PARTIES**

5.     Individual and representative Plaintiff Grace Park resides in New Jersey.  She was previously employed by Defendants between August 2014 and October 2015.  Plaintiff Park was a Trainee from August 2014 through on or about October 2014 and was engaged with FDM pursuant to a Training Agreement signed on or about her first day of employment.   After completing training, Plaintiff Park was placed with one of FDM's institutional clients and was than engaged with FDM pursuant to an Employment Agreement signed by Plaintiff and Defendants.  In the Employment Agreement, the parties agreed to the jurisdiction of the New York courts for determining any controversy relating to the Employment Agreements, and that New York law would govern.

3

6. Defendant FDM Group, Inc. is a Delaware corporation registered to conduct business in New York, and maintaining corporate headquarters at 14 Wall Street, New York, NY, 10005. Defendant maintains US-based offices in New York, New Jersey, Connecticut, Tennessee, Texas, and Illinois. Defendant FDM Group, Inc. is a wholly-owned subsidiary of Defendant FDM Group Holdings plc.

7. Defendant FDM Group Holdings plc is a Public Limited Company (corporation) registered in England (Reg. No. 07078823) with a principal place of business in London.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332.

9. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 207 *et seq*.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391 because wage violations giving rise to Plaintiffs' claims occurred in this District and because the Plaintiffs consent to the forum in writing.

12. Defendants are subject to personal jurisdiction in New York.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring FSLA claims on behalf of themselves and other employees similarly situated as authorized under 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Classes**: A1. <u>Trainee Minimum Wage Class</u>: All persons who were employed by Defendants at any time from February 26, 2010 through September 2015 and who participated in FDM's US-based training program for FDM Consultants known as the FDM Training Academy and who were subject to FDM's uniform policy of denying federal minimum wage compensation to Trainees for the entire duration of the training period.

B1. <u>Consultant Overtime Class</u>: All persons who were employed by Defendants at any time from February 26, 2010 through the date this Court grants preliminary certification as "FDM Consultants" and who signed an Employment Contract with a template Termination Fee triggered in the event of early resignation, failed to pay a predetermined and guaranteed salary of at least $455 per week or an hourly rate of not less than $27.63 per hour for each hour worked, and who were denied lawful overtime compensation pursuant to Defendants' uniform "no overtime, period" policies.

B2. <u>Consultant Minimum Wage Class:</u> All persons who were employed by Defendants at any time from February 26, 2010 through the date this Court grants preliminary certification as "FDM Consultants", who signed an Employment Contract with a template Termination Fee in the event of early resignation, and who were not paid lawful federal minimum wages during at least one week in their employment and a predetermined and guaranteed salary "free and clear" of deductions since, when they resigned their employment with FDM, Defendants enforced the Termination Fee set forth in the Training Agreement, Employment Contract and FDM Handbook.

14.     Defendants employed Plaintiff and the Collective Classes during the Collective Class Period.

15.     Plaintiff was required to abide by the terms of FDM's US Staff Handbook.  The US Staff Handbook, by its own terms, applies to all Trainees and FDM Consultants.

16.     Further, Plaintiff was required to agree to the terms of both a Training Agreement and an Employment Agreement as a condition of her employment with FDM.

17.     All Trainees are subject to the same form Training Agreements and all FDM Consultants are subject to the same form Employment Agreements.

18.     According to FDM's US Staff Handbook, an FDM Consultant is defined as "An Employee who has been through the FDM Academy training program and has been engaged at a client site to work on behalf of FDM Group."

19.     According to FDM's US Staff Handbook, a Trainee is defined as "An individual who is engaged by FDM on an FDM Training Agreement."

20.     On information and belief, Defendants have employed more than 300 Trainees and/or FDM Consultants during the Collective Class Period through its US-based office and client sites.

21.     FDM's main business activities involve recruiting, training and placing their own permanent FDM Consultants with institutional clients (many in the financial and pharmaceutical industries) across a range of technical and business disciplines including Development, Testing, Project Management Office, Data and Operational Analysis, Business Analysis, Business Intelligence, and Production Support called "streams".

22.     Plaintiff was recruited and trained for placement through the Data and Operational Analysis stream.  Following her training, she was placed as a FDM Consultant at a financial institution in Delaware for her two-year placement term.

23.     All FDM Consultants, regardless of stream, are required to undergo training though the "FDM Academy", which is not an academic or vocational school, before they are permanently placed at client sites.

24.     On the first day of the training period, every Trainee is presented with a "Training Agreement" and told that in order to continue with FDM they must sign the Agreement and commit to complete a 2-year placement as an FDM Consultant or face financial penalties.

25.     According to FDM's website the Training Period "consists of foundation training followed by a specialized training stream, where trainees will learn the skills required to become an FDM Consultant."

26.     The training lasts between two and six months depending on the stream.

27.     The specific and singular purpose of the training, regardless of stream placement, is to teach Trainees to perform professional business and IT consultancy to Defendants' clients, which is necessary for Defendants to generate billable revenue.

28.     Plaintiff and the putative Collective Class and Class Members trained at Defendants' Wall Street office in New York City.

29.     Prior to approximately September 2015, FDM did not pay Trainees any wages for the hours worked during the training period.  Upon information and belief, FDM began paying Trainees the minimum wage for all hours worked during the training period.

30.     Upon information and belief, prior to September 2015, FDM's US Staff Handbook and promotional materials stated that Trainees were unpaid during their training period.

31.     Only after completing the training period, and being placed at client sites for their period of their two-year commitment at the end of training does an FDM Consultant begin to receive compensation in the form of basic pay and the daily bonus pay.

32.     FDM mandates that all FDM Consultants attend the training.

33. Plaintiff trained for two months and did not receive any compensation for her training. Upon information and belief, nor did any member of her training class or any other trainee, regardless of stream, prior to September 2015, all of whom were recruited for placement as FDM Consultants at the conclusion of their training.

34. During her training period, Plaintiff participated in classroom and practical skill development training, as did all of the other members of her stream who trained at the same time.

35. Upon information and belief, putative collective class and class members all participated in similar practical skill development and training, regardless of stream.

36. Plaintiff received training for approximately eight hours per day, Monday through Friday, while she was training as did all other members of her stream who trained with her, sometimes longer.

37. Upon information and belief, all other Trainees, regardless of stream, received training for approximately eight hours per day, Monday through Friday.

38. Plaintiff and the putative members of the Trainee Collective Class were improperly classified as non-employee "trainees" during their training period and not paid any wages.

39. Plaintiffs were "employees" during their training period and not "trainees" as those terms are defined by the FLSA and DOL regulations.

40. Plaintiff and the Trainee Minimum Wage Collective Classes was deprived of lawful minimum wage compensation during the training period.

41. After completing the training period, all FDM Consultants were and are classified as W2 employees of FDM.

42.     According to the US Staff Handbook, standard Employment Agreement, and Mountie Schedule, all FDM Consultants were compensated for normal hours of work of 40 hours per week.  More specifically, according to standard placement letters and the US Staff Handbook, "unless FDM is able to agree [to] [SIC] an additional fee with the client [FDM Consultants] will not receive any additional payments for hours worked beyond the standard hours on any day. . . this includes occasions where the client specifically requests that you remain at work later to carry out further work." [emphasis added]

43.     Despite this, Plaintiff and the Collective Class and Class Members regularly worked over 40 hours per week.

44.     During her employment, Plaintiff informed her FDM supervisor that she was regularly working over forty hours per week and inquired about receiving overtime pay. Plaintiff was informed that unless her placement manager approved it, she was not eligible for overtime pay.

45.     Specifically, Plaintiff emailed her account manager Pippa Susskind that she arrives at work "by 8:30am" and gets out "around 6:45-7:15pm".  Plaintiff further stated that she "quite frequently" had to work on weekends and that she was not "able to even have a one hour lunch break (which [she was] not even paid for).

46.     Upon information and belief, all other Collective Class and Class Members were similarly required to work beyond their standard 40 hour workweek without any overtime compensation.

47.     According to the Handbook and standard Employment Agreement, all FDM Consultants were paid according to a hybrid compensation structure which included a low salary (known as "basic pay") and a daily performance bonus.

48.     Plaintiff was paid a daily bonus of $88.00 if she worked a full 8-hour day, and a half-day bonus of $44.00 if she worked at least four hours.  If Plaintiff took vacation or sick days, she would not be paid her daily bonus.

49.     The bonus was not paid in hourly increments, and no part of FDM Consultants' compensation was based on an hourly rate.

50.     For Plaintiff's first year of employment, pursuant to the terms of the Employment Agreement she signed with Defendants, Plaintiff was paid $1,916.67 per month in basic pay.

51.     Upon information and belief, all FDM Consultants were compensated in their first and second years of their contract at the same basic pay and daily bonus rates.

52.     Both the daily bonus and the basic pay components of FDM Consultants' compensation were subject to fluctuation based on the quality or quantity of the Consultant's work, or for other reasons, including the availability of work, part-day absences, and disciplinary deductions.

53.     For instance, according to FDM policy uniformly applicable to Plaintiffs and the putative Collective Class, FDM Consultants would not be paid their performance bonus if they failed to forward a copy of their timesheets approved by the client in a timely manner.  Further, according to uniform FDM policy, in the event a client failed to approve a timesheet due to performance, conduct or absence issues, then the performance bonus would not be paid.

54.     In addition, according to the standard Employment Agreement, standard Training Agreement and US Staff Handbook, if an FDM Consultant does not complete the minimum two-year commitment, the Consultant must pay a Termination Fee of $30,000 if the Consultant leaves employment within the first year, and $20,000 in the event the Consultant leaves

10

employment in the second year. The FDM Consultant must also pay interest and FDM's attorneys' fees if a breach of contract action is needed to enforce the Termination Fee provision.

55. The standard Training Agreement, Employment Agreement and US Staff Handbook commits an FDM Consultant to two years of employment with FDM in acknowledgment of the fact that "the Company has incurred significant costs in training for which there has been no charge to the Employee." If an FDM Consultant remains with FDM for more than two years, they are not obligated to pay any Termination Fee.

56. FDM Consultants were required to "kick back" their earned compensation (both the basic pay and daily bonus components) in order to pay the Termination Fee in the event they resigned their employment before the end of their two-year commitment in order to repay training costs.

57. As authorized in Section 4.3 of the standard Employment Agreement, unless the FDM Consultant pays the fee by their last day of employment, FDM deducts from their final wages (basic pay, accrued daily bonus compensation and holiday pay) in order to "partially settle liability". It is the regular practice of FDM to insist on payment of the Termination Fee before the Consultant's final day of employment. If any balance remains following offset against compensation, FDM Consultants are then responsible for the payment of the balance of the Termination Fee by separate transaction.[1]

58. Under the FLSA, requiring employees to make out-of-pocket reimbursements from compensation already received results in employees not receiving their predetermined salaries when due on a "guaranteed" basis or "free and clear" and produces impermissible

---

[1] Aside from violating the FSLA's "salary basis" requirements under relevant exemptions, the Termination Fee is also an unenforceable penalty according to New York State precedent on the subject.

reductions in salary compensation because of the quality of the work performed under the terms of the employer's policies, contrary to 29 C.F.R. § 541.602(a).

59.     Further, the Termination Fee and other deductions cannot lawfully be credited against minimum wage or overtime wages under the FLSA and instead amount to an unlawful "kick back" pursuant to 29 C.F.R. § 531.35. These deductions are separately illegal under the NYLL to the extent they reduce any form of compensation, including "gap time" wages.

60.     Plaintiff resigned shortly before the start of her second year. FDM agreed to deem her resignation as having taken place in her second year for the sake of determining the amount of her Termination Fee, and she was allowed to pay a Termination Fee of $20,000 instead of $30,000. Plaintiff paid the Termination Fee shortly after resigning.

61.     Plaintiff is aware of at least two other FDM Consultants employed with FDM during the Collective Class Period who have resigned and paid the Termination Fee. Upon information and belief, FDM enforces the Termination Fee provision of the Training Agreement and Employment Agreement in every instance of separation before the conclusion of the two-year commitment.[2]

---

[2] While Plaintiff's proposed "Consultant Minimum Wage and Consultant Overtime Collective Classes and Classes are presently defined based on "salary-basis" failures, Plaintiff intends to conduct class-related discovery on the duties of collective class and class members and determine if common questions of fact exist sufficient to pursue class certification based on common duties as well. According to the "New York Pay Notice" provided to Plaintiff and all members of the putative Collective Classes and Classes, Plaintiff and all other FDM Consultants were classified as exempt from overtime pay "under the FLSA {SIC} for salaried professionals." No exemption to the overtime pay requirements exists for "salaried professionals" under the FLSA which would apply to Plaintiffs and the putative class. Notably, under the Opinion Letters issued by the New York State Department of Labor, a "Database Analyst" in the financial industry performing similar duties as Plaintiff was deemed to be a nonexempt employee subject to the FLSA. According to the reasoning of the Opinion Letter, if an employee's work is "highly dependent upon, or facilitated by the use of computers and computer software programs," the employee would not fall within the exemption. Upon information and belief, most of the IT-related positions which FDM Consultants assumed following training would fall within this category of nonexempt employment based on non-exempt duties performed.

62.     Plaintiffs and the Putative Collective Class and Class Members were also not paid hourly compensation fixed at a rate of no less than $27.63 per hour since no portion of their compensation was paid on at a fixed hourly basis.  Plaintiffs' daily bonus was not paid on an hourly basis, was not predetermined, and was also subject to reduction by the aforementioned policies.

63.     By enforcing the Termination Fee provision in the Training Agreement and Employment Agreement and requiring FDM Consultants to repay their training costs through reimbursement, Defendants subject them to an actual practice and clear policy of improper reductions to their salary demonstrating that Defendants never intended to pay them a bona fide salary as required by the salary-basis test.

64.     Further, since Plaintiff was required to kick back $20,000 of her monthly base pay and daily bonuses, she and other members of the Consultant Minimum Wage Class and Collective Class suffered minimum wage and "gap time" damages given the fact that the kick backs reduced her monthly base pay and daily bonus for the final compensation periods to zero.

65.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

66.     Further, Defendants failed to conspicuously post notice in the workplace advising Plaintiffs of their statutorily-protected right to minimum wage and overtime compensation.

67.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who were subject to the aforementioned policy in violation of the FLSA and who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the

present lawsuit.  Those similarly situated employees are known to the Defendants and are readily

identifiable through Defendants' records.

## CLASS ALLEGATIONS

68.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure on behalf of the following defined class:

**Proposed Classes**:     A1.  <u>NYLL Trainee Minimum Wage Class</u>: All persons who were employed by Defendants at any time from February 26, 2010 through the date this Court grants preliminary certification as "FDM Trainees", who agreed to NY choice of law and forum selection clauses, and who participated in FDM's US-based training program for FDM Consultants known as the FDM Training Academy and who were subject to FDM's uniform policy of denying state minimum wage compensation to Trainees for the entire training period.

B1.  <u>NYLL Consultant Overtime Class</u>: All persons who were employed by Defendants at any time from February 26, 2010 through the date this Court grants preliminary certification as "FDM Consultants", having agreed to NY choice of law and forum selection clauses, and who signed an Employment Contract with a template Termination Fee triggered in the event of early resignation, failed to pay a predetermined and guaranteed salary of at least $543.75 prior to December 31, 2015, $600.00 on or after December 31, 2013, $656.25 on or after December 31, 2014, $675.00 on or after December 31, 2015 per week or an hourly rate of not less than $27.63 per hour for each hour worked, and failing to pay lawful overtime premiums for all hours worked over forty during a workweek..

B2.  <u>NYLL Consultant Gap Time Class</u>  All persons who were employed by Defendants at any time from February 26, 2010 through the date this Court grants preliminary certification as "FDM Consultants", having agreed to NY choice of law and forum selection clauses, and ho signed an Employment Contract with a template Termination Fee in the event of early resignation, and who were not paid lawful gap time wages during at least one week in their employment since, when they resigned their employment with FDM, Defendants enforced the Termination Fee set forth in the Training Agreement, Employment Contract and FDM Handbook.

B3. <u>NYLL Consultant Minimum Wage Class</u>: All persons who were employed by Defendants at any time from February 26, 2010 through the date this Court grants preliminary certification as "FDM Consultants", having agreed to NY choice of law and forum selection clauses, and who signed an Employment Contract with a template Termination Fee in the event of early resignation, and who were not paid lawful federal minimum wages during at least one week in their employment and a predetermined and guaranteed salary "free and clear" of deductions since, when they resigned their employment with FDM, Defendants enforced the Termination Fee set forth in the Training Agreement, Employment Contract and FDM Handbook.

B4. <u>NYLL Wage Deduction Class</u>: All persons who are or have been employed by Defendants as FDM Consultants having agreed to NY choice of law and forum selection clauses time from February 26, 2010 through the date this Court grants preliminary certification and were subjected to unlawful wage deductions by direct deduction from wages or separate transaction.

69. Plaintiffs incorporate by reference each and every fact alleged in the preceding paragraphs above.

70. <u>Numerosity</u>: The Proposed Classes is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants employed at least 40 people who satisfy the definition of the Proposed Classes.

71. <u>Typicality</u>: The Plaintiffs' claims are typical of the members of the Proposed Classes. Plaintiff is informed through personal experience and knowledge and by other FDM Consultants that the Putative Members of the sub-Classes were subject to the aforementioned unlawful policies during the Class Period. Plaintiffs had the similar duties as other Collective Class and Class Members, and were compensated the same according to a common Training Agreement, Employment Agreement and US Staff Handbook. All Plaintiffs were subject to Defendants' unlawful policies and practices as alleged more fully above, including failing to pay

15

for a compensable training period, enforcing a deduction practice amounting to a "kick back" of lawfully earned wages, and otherwise uniformly failing to pay all minimum wages and lawful overtime premiums for all hours worked in excess of 40 during a work week during the training and employment periods.

72.     <u>Superiority</u>:     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

73.     <u>Adequacy</u>:     Plaintiff will fairly and adequately protect the interests of the Proposed Collective Classes and Classes, and has retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

74.     <u>Commonality</u>:  Common questions of law and fact exist to all members of the Proposed Classes and predominate over any questions solely affecting individual members of the Proposed Classes, including but not limited to:

   a.  Whether Defendants improperly classified the Proposed Class of Trainees as non-employee trainees under the NYLL;

   b.  Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the Proposed Consultant Classes in violation of NYLL;

   c.  Whether Defendants unlawfully failed to pay appropriate minimum wage compensation to members of the Proposed Trainee and Consultant Classes in violation of the NYLL;

   d.  Whether Defendants paid the Consultant Class's wages "free and clear" of any unlawful deductions as required by the FLSA and the NYLL;

   e.  Whether Defendants maintained lawful wage and hour records under the NYLL;

f. Whether Defendants employed Plaintiff and the Proposed Classes within the meaning of New York law;

g. The proper measure of damages sustained by the Proposed Classes; and

h. Whether Defendants' actions were "willful."

75. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

76. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Classes predominate over any questions affecting only individual members of the Proposed Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Classes the wages to which they are entitled. The damages suffered by the individual members of the Proposed Classes are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

77. Plaintiffs intend to send notice to all members of the Proposed Classes to the extent required by Rule 23. The names and addresses of the Proposed Classes are available from Defendants.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Unlawful Failure to Pay Overtime Compensation under the Fair Labor Standards Act)**
**As to the FDM Consultant Overtime Collective Class**

78. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

79. Plaintiff consents in writing to be a part of this action, pursuant to 20 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

80. At all relevant times, Defendants have been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.

81. At all relevant times, Defendants have employed and continues to employ, FDM Consultants, including Plaintiff, and the putative Consultant Overtime Collective Class members, as defined above.

82. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

83. The FLSA, 29 U.S.C. § 207, requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

84. During her employment with Defendants, within the applicable statute of limitations, Plaintiff and the Consultant Overtime Collective Class members worked in excess of forty hours per workweek, but did not receive the appropriate overtime compensation from Defendants.

18

85. Despite the hours worked by Plaintiff and the Consultant Overtime Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay overtime compensation.

86. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Consultant Overtime Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 20 U.S.C. § 201, et seq.

87. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

88. As the direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and the Consultant Overtime Class have suffered a loss of wages and other damages.

89. Plaintiff, on behalf of herself and the Consultant Overtime Collective Class, seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**(New York Labor Law: Unpaid Overtime Wages)**
**As to the FDM Consultant Overtime Class**

90. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

91. At all relevant times, Plaintiffs and the putative Consultant Class were employees and Defendants have been an employer within the meaning of the New York Labor Law.

92.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

93.     During her employment with Defendants, within the applicable statute of limitations, Plaintiff and the Consultant Overtime Collective Class members worked in excess of forty hours per workweek, but Defendants failed to pay Plaintiff and the Consultant Overtime Class the overtime wages to which they were entitled under the New York Labor Law.

94.     By Defendants' failure to pay Plaintiff and the Consultant Overtime Class Members premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

95.     Due to Defendants' violations of the New York Labor Law, Plaintiff and the Consultant Overtime Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Unlawful Failure to Pay Minimum Wage Compensation under the Fair Labor Standards Act)**
**As to the Trainee Minimum Wage Collective Class**

96.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

97.     At all relevant times herein, Plaintiff and the Trainee Minimum Wage Collective Class members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

98.     The FLSA regulates, among other things, the payment of minimum wage by

employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, per 29 U.S.C. §206(a); 29 U.S.C. § 207(a)(1).

99. Defendants, pursuant to their policies and practices, violated the FLSA by refusing and failing to pay Plaintiffs and the Trainee Minimum Wage Collective Class members the federal minimum wage.

100. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from minimum wage obligations. None of the FLSA exemptions apply to Plaintiffs or the Trainee Minimum Wage Collective Class members.

101. Plaintiffs and the Trainee Minimum Wage Collective Class members are all victims of Defendants' uniform compensation policy. Upon information and belief, this uniform policy, in violation of the FLSA, has been applied to all putative members of the Trainee Minimum Wage Collective Class employed by Defendants in the United States.

102. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees, in addition to payment of back minimum wages, are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

103. Alternatively, should the Court find Defendants did not act willfully in failing to pay minimum wage, Plaintiffs and the Trainee Minimum Wage Collective Class members are entitled to an award of prejudgment interest at the applicable legal rate.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Failure to Pay Lawful Minimum Wages in**
**Violation of NYLL § 652 and Article 19)**
**As to the Trainee Minimum Wage Class**

104. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

105. At all relevant times, Plaintiff and the Trainee Minimum Wage Class members were employees within the meaning of the New York Labor Law.

106. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

107. Defendants have failed to pay Plaintiffs and the Trainee Minimum Wage Class members minimum wages to which they were entitled under the New York Labor Law.

108. By Defendants' failure to pay Plaintiff and theTrainee Minimum Wage Class members minimum wages, they have willfully violated the New York Labor Law Article 19, §§ 652 *et seq.*, and the supporting New York State Department of Labor Regulations.

109. Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Trainee Minimum Wage Class members are entitled to recover from Defendants their unpaid state minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Unlawful Failure to Pay Minimum Wage Compensation under the Fair Labor**
**Standards Act)**
**As to the Consultant Minimum Wage Collective Class**

110. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

111. At all relevant times herein, Plaintiff and the Consultant Minimum Wage Collective Class members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

112. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, per 29 U.S.C. §206(a); 29 U.S.C. § 207(a)(1).

113. Defendants, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay Plaintiffs and the Consultant Minimum Wage Collective Class the minimum wage.

114. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from minimum wage obligations. None of the FLSA exemptions apply to Plaintiff and the Consultant Minimum Wage Collective Class.

115. Defendants required Plaintiff and all those similarly situated to sign the Training Agreements and Employment Agreements. Under the terms of such, Plaintiff and the Consultant Minimum Wage Collective Class' wages were conditionally paid, subject to reductions, and not "free and clear" as required by law. Enforcement of the Training Agreement and/or Employment Agreement violates the FLSA to the extent it has the effect of requiring employees of Defendants to work for wages that are lower than the minimum wage required by 29 U.S.C. § 206.

116. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees, in addition to payment of back minimum wages, are entitled to recover an award of liquidated damages in an amount equal to the amount

of unpaid minimum wages described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

117. Alternatively, should the Court find Defendants did not act willfully in failing to pay minimum wage, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Failure to Pay Lawful Minimum Wages in**
**Violation of NYLL § 652 and Article 19)**
**As to the Consultant Minimum Wage Class**

118. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

119. At all relevant times, Plaintiffs and the Consultant Minimum Wage Class were employees within the meaning of the New York Labor Law.

120. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

121. Defendants have failed to pay Plaintiffs and the Consultant Minimum Wage Class members the minimum wages to which they were entitled under the New York Labor Law.

122. Defendants required Plaintiff and all those similarly situated to sign the Training Agreements and Employment Agreements. Under the terms of such, Plaintiff and the Consultant Minimum Wage Class' wages were conditionally paid, subject to reductions, and not "free and clear" as required by law. Enforcement of the Training Agreement and/or Employment Agreement violates the NYLL to the extent it has the effect of requiring employees of Defendants to work for wages that are lower than the minimum wage required by the NYLL.

123. By Defendants' failure to pay Plaintiff and the Consultant Minimum Wage Class members wages, they have willfully violated the New York Labor Law Article 19, §§ 652 *et seq.*, and the supporting New York State Department of Labor Regulations.

124. Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Consultant Minimum Wage Class members are entitled to recover from Defendants their unpaid state minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Unlawful Deductions from Wages in Violation of NYLL § 193)**
**As to the Deduction Class**

125. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

126. At all relevant times, Plaintiffs were employees within the meaning of the New York Labor Law.

127. Section 193 of the New York Labor Law expressly prohibits an employer from making unauthorized deductions from employees' wages.

128. Section 193 prohibits deductions from employees' wages unless the deductions are (1) expressly authorized by and for the benefit of the employee and (2) limited to the enumerated categories of permissible deductions.

129. Defendants made deductions from the wages of the Plaintiff and the Deduction Class for purposes that are not permissible under the statute.

130. The deductions made by Defendants were not made for the benefit of the Plaintiff and the Deduction Class.

131. By Defendants' practice of making unlawful deductions from Plaintiffs' and the Deduction Class' earned wages, whether by direct payroll deduction or separate transaction, Plaintiffs and the members of the class were damaged in an amount to be proven at trial.

132. Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants all wages unlawfully deducted or charged, and all unlawful payments required by separate transaction, plus reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest

**AS AND FOR A EIGHTH CAUSE OF ACTION**
**(Failure to Pay Gap Time/Straight Time Wages in Violation of NYLL § 663)**
**As to the Consultant Gap Time Class**

133. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

134. At all relevant times, Plaintiff and the Consultant Gap Time Class members were employees and Defendants have been employers within the meaning of the NYLL.

135. The provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

136. NYLL § 663(1) states: "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled … he or she shall recover in a civil action the amount of any such underpayments …"

137. Defendants have failed to pay Plaintiffs and the Consultant Gap Time Class members the straight time/gap time wages to which they were entitled under the NYLL.

138. By Defendants' failure to pay Plaintiffs and the Consultant Gap Time Class members straight time/gap time wages, they have willfully violated Article 19, §§ 663 *et seq.* of the NYLL and the supporting New York State Department of Labor Regulations.

139. Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Consultant Gap Time Class members are entitled to recover from Defendants their unpaid gap time wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**AS AND FOR A NINTH CAUSE OF ACTION**
**(New York Notice and Recordkeeping Requirements, NYLL §§ 195, 198)**
**As to All Classes**

140. Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs.

141. At all relevant times, Plaintiff and the Classes were employees and the Defendants have been an employer within the meaning of the New York Labor Law.

142. Defendants did not provide Plaintiffs and the members of the Classes with a written notice of their rate of pay, regular payday, and such other information as required by NYLL § 195(1).

143. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Classes are entitled to an award of damages pursuant to NYLL § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

**AS AND FOR A TENTH CAUSE OF ACTION**
**(New York Wage Statement Provisions, NYLL §§ 195, 198)**
**As to All Classes**

144. Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs.

145. At all relevant times, Plaintiff and the Classes were employees and the Defendants have been an employer within the meaning of the New York Labor Law.

146. Defendants did not provide Plaintiffs and the members of the Class with a legally sufficient wage statement upon the payment of wages, as required by NYLL § 195(3).

147. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Classes are entitled to an award of damages pursuant to NYLL § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### (Declaratory Judgment)
### As to the Consultant Classes and Consultant Collective Classes

148. Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs.

149. Plaintiffs and others similarly situated were required, as a condition of employment, to sign both a Training Agreement and an Employment Agreement, which contained similarly, if not identical, provisions regarding a Termination Fee.

150. Defendants have enforced the provisions of the Training Agreement and Employment agreement against its employees. Defendants have used legal counsel to collect the balance it asserts is due from Plaintiffs under the Training Agreement and Employment Agreements. The legal counsel has demanded payment and asserted it will take legal action to enforce the Training Agreement and Employment Agreement and seek court costs, interest and attorneys' fees.

151. Enforcement of the Training Agreement and Employment Agreements violate the FLSA and NYLL to the extent it has the effect of requiring Trainees and/or FDM Consultants to work for wages that violate the minimum wage and overtime laws specified in the FLSA; thus, Plaintiff respectfully requests that the Court declare that the Training Agreement and/or Employment Agreements violate the FLSA and/or NYLL.

28

152. Defendants have threatened to enforce the Training Agreement and Employment Agreement against Plaintiff Park.

153. Defendants' conduct is willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the Proposed Classes, pray for relief as follows:

A. That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B. That Defendants are found to have violated the provisions of the New York Labor Law as to Plaintiffs and the Classes;

C. That Defendants are found to have violated the Federal Fair Labor Standards Act as to Plaintiffs and the Collective Classes;

D. That Defendants' violations as described above are found to be willful; An award to Plaintiffs and the Collective Classes and Classes for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

E. That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA and the NYLL;

F. An award of reasonable attorney's fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law;

G. Declaratory judgment that Defendants' Training Agreement and Employment Agreements are unenforceable as it violates overtime and minimum wage provisions of the FLSA;

H. Declaratory Judgment that Defendants' conduct, policies and practices are unlawful and violation the FLSA; and

I. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

DATED: June 17, 2016

The Law Office of Christopher Q. Davis, PLLC

Christopher Q. Davis (CD-7282)
Rachel M. Haskell (RH-8248)
225 Broadway, Suite 1830
New York, New York 10007
Telephone: (646) 430-7930
*Attorneys for Plaintiff and the*
*Proposed Collective Classes and Classes*