```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/5/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

GRACE PARK, individually and on behalf of        :
All others similarly situated,                   :
                                                 :      Case No. 1:16-cv-01520-LTS-SN
                    Plaintiffs,                  :
                                                 :
vs.                                              :      PROTECTIVE ORDER
                                                 :
FDM GROUP, INC.,                                 :
                                                 :
                                                 :
                    Defendants.                  :
                                                 :
_____           :

**SARAH NETBURN, United States Magistrate Judge:**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this litigation, it is therefore hereby,

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any information of any kind – whether in documents, testimony, or any other form – provided in the course of this litigation ("Discovery Material") that is designated as "Confidential" ("Confidential Discovery Material") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

1

2. The person producing any given Discovery Material may designate as "Confidential" any Discovery Material or any portion of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping, affixing, or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or within five business days of receipt of the transcript.

4. At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential by informing all parties in writing that the Discovery Material should be treated as Confidential under this Order.

5. No person subject to this Order other than the producing person shall disclose any Confidential Discovery Material to any other person, except:

    (a) The parties to this action;

    (b) Counsel retained specifically for this action, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter;

    (c) As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      (d)      Any witness called to testify at a deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

      (e)      Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

      (f)      Stenographers engaged to transcribe depositions conducted in this action;

      (g)      The Court and its personnel; and

      (h)      Any other person whom the producing person, or other person designating the Discovery Material as Confidential pursuant to Paragraph 2, agrees in writing may have access to such Discovery Material.

6.      Prior to any disclosure of Confidential Discovery Material to any person referred to in Paragraphs 5(d) or 5(e), such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order.  Counsel shall retain each signed Non-Disclosure Agreement.

7.      All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  The parties will use their best efforts to minimize the filing of Discovery Materials under seal.  For any document filed under seal, (1) a redacted version of the document

shall be filed on the public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal.

8. Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys eyes only" in extraordinary circumstances), may at any time prior to trial serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If the parties cannot reach a prompt agreement regarding the objection, the parties may seek a ruling from the Court.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information to a claim of privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact that or circumstances of the inadvertent disclosure.

12. Discovery Material that produced in the course of the litigation that contains or otherwise reflects contracts between the Defendant and its clients relating Consultants as the term

is defined in the Second Amended Complaint, including but not limited to master agreements, statements of work, or other similar documents (collectively, "Client Contracts"), will not be disclosed to any purported or actual class member or witness called to testify either at trial or at a deposition unless: (i) the individual to whom the Client Contract is disclosed was assigned as a Consultant to the client to which the Client Contract relates; (ii) the individual to whom the Client Contract is disclosed is or was employed by the client to which the Client Contract relates; (iii) the individual to whom the Client Contract is disclosed is testifying as the Defendant's designated witness pursuant to Federal Rule of Civil Procedure 30(b)(6); or (iv) as otherwise agreed in writing by the parties.  The party producing Discovery Material containing a Client Contract will designate such document by stamping, affixing, or otherwise clearly marking the document or portion of the document as "Client Contract."

13. Discovery Material produced in the course of the litigation that contains sensitive personally identifying information of any individual, including but not limited to social security numbers and addresses ("Personally Identifying Information"), will not be disclosed to any purported or actual class member unless such Personally Identifying Information is redacted or otherwise prevented from viewing.  The party producing Discovery Material containing Personally Identifying Information will designate such document, or portion of the document, by stamping, affixing, or otherwise clearly marking the document "Contains Personally Identifying Information."

14. This Order shall survive the termination of the litigation.  Within 30 days of the final disposition of this action, all Confidential Discovery Material, including copies, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed.

15. During the pendency of this case, the Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

16. This Stipulation and Order shall not be construed as an admission by any party that a document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      New York, New York
            November 5, 2018

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
**GRACE PARK, individually and on behalf of**   :
**All others similarly situated,**   :
                                              :    **Case No. 1:16-cv-01520-LTS-SN**
              **Plaintiffs,**   :
                                              :
**vs.**   :    **NON-DISCLOSURE**
                                              :    **AGREEMENT**
**FDM GROUP, INC.,**   :
                                              :
              **Defendants.**   :
_____:

      I, _____, acknowledge that I have read and understand the Stipulation and Order for the Production and Exchange of Confidential Information in this action (the "Order"). I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for the purposes of this litigation and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of court.

Dated: _____                                      _____