**THE LAW OFFICE** *of* **CHRISTOPHER Q. DAVIS**

**WORKING SOLUTIONS NYC**

September 20, 2019

<u>VIA ECF</u>

The Honorable Sarah Netburn
United States Magistrate Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:    *Park v. FDM Group Holdings PLC, et al.; Civ. No. 1:16-cv-01520*

Dear Judge Netburn,

    We represent the Plaintiffs in the above referenced action. Pursuant to Your Honor's Order, dated September 13, 2019, we write jointly with Defendant's counsel to provide the Court with an update on the status of discovery, including electronically stored information. The Parties took seriously the Court's directive to work together to resolve the outstanding discovery disputes. As such, since the Conference the Parties have had multiple meet and confer phone calls and follow up email correspondence to reach agreement on the outstanding disputes. Specifically, at the conclusion of the September 12, 2019 Conference, the Parties continued to dispute: (1) certain search terms to be run on the personal inboxes for the Named Plaintiffs and Opt-ins who are selected for depositions ("Deposed Opt-ins"); and (2) the scope of production and searches to be conducted on certain of Defendant's custodians. In the week since the Conference, the Parties have reached agreement as to all the disputed ESI issues and are working together to continue formulate workable compromises, if needed, as to any other disputes which may arise. Below the Parties address each of the outstanding discovery issues raised with Your Honor at the Conference. As the parties have reached agreement on these issues, the parties do not require the Court's assistance in resolving the outstanding discovery issues raised at the Conference.

**A.**    <u>**DEPOSED OPT-INS:**</u>

    Pursuant to Your Honor's September 13, 2019 Order, the Parties have randomly selected a sample of 18[1] individuals for depositions from a population set of all Opt-in's who live within the New York City area. The Parties selected the sample using a stratified random sampling method, which involves the division of a population into smaller groups known as strata. In stratified random sampling, the strata are formed based on members' shared attributes or characteristics. Random samples were then selected, in proportion to the population, from each of the strata created. Here, the strata used were three main variations to the template contracts: (1)

---

[1] The parties agreed to limit the number of Deposed Opt-Ins to eighteen (18) individuals, such that, along with the seven (7) Named Plaintiffs who live in the New York area, there would be a total of twenty-five (25) depositions of the Named and Opt-in Plaintiffs.

The Honorable Sarah Netburn
Page 2 of 3

contracts in effect for individuals employed from 2010-2011[2], (2) contracts in effect for individuals employed between November 2011-2014, and (3) contracts in effect for individuals employed from 2014-present.  After determining the percentage of the population set that fell within each of the three strata, the Parties determine the total number of individuals to be selected from each of the strata.  Here, there were zero (0) individuals in the first strata, twenty-six (26) individuals in the second strata, and fifty-four (54) individuals in the third strata.  As such, the Parties randomly selected six (6) individuals from the second strata and twelve (12) from the third strata for depositions and other relevant discovery productions.  The selection was conducted by and through the use of a random number generator. As a crosscheck, the Parties reviewed the sample to determine that it also covered a sufficient number of training streams, placement sites, and a sufficient sampling of account managers. The Parties believe the sample is a reasonable sample of the Opt-ins and therefore have agreed on a finalized sample set.

**B.     DEFENDANT'S ESI PRODUCTION:**

For ESI produced by Defendant, which remained in dispute at the Conference, the Parties have agreed as follows:

1. To continue to use the 12 agreed-upon search terms for the Named Plaintiffs and the Deposed Opt-ins;

2. To use the following search terms for the US Human Resources Account, US Consultant Support Account, and Yordanos Habterion account:

    i.  the 12 agreed-upon search terms + "first name last name" of the Named Plaintiffs and all Opt-ins; and
    ii. the 12 agreed-upon search terms + any email sent to/from any of the Named Plaintiffs and all Opt-ins.

3. To limit the Account Managers for whom Defendants produce ESI to those who served as Account Managers for any of the Named Plaintiffs and Deposed Opt-ins, assuming that the random sampling ensures that the Account Managers to be searched comprise the Account Managers for at least 50% of the Named Plaintiffs/Opt-ins.  The Parties further agreed to use the same search terms outlined in Section (B)(2)(i)-(ii), above for the Account Managers selected as custodians.

**C.     PLAINTIFFS' ESI PRODUCTION:**

For ESI produced by Plaintiffs, which remained in dispute at the Conference, the Parties have agreed as follows:

---

[2] There were no Opt-in Plaintiffs who live in the New York area and were employed between 2010 to 2011; however, one (1) of the Named Plaintiffs who lives in New York and who will be deposed was employed during this period.

1. Defendant has agreed to forgo the following search terms for Plaintiffs' inboxes:
    i. "on /3 beach,"
    ii. "between 3/ placement," and
    iii. "between 3/ job."

2. Defendant has agreed to the following changes to their proposed search terms:

    i. Change "left /3 earl!" to "left early,"
    ii. Change "leav! /3 earl!" to "leave early,"
    iii. Change "long! /3 lunch!" to "long lunch,"
    iv. Change "arriv! /3 late!" to both "arrive late" and "arrived late,"
    v. Change "additional /3 pay!" to both "additional pay" and "premium pay,"
    vi. Change "work /3 hour!" to both "work hour" and "work hours," and
    vii. Change "work /3 schedule!" to "work schedule."

The Parties have agreed that if the amended search terms set forth above in Sections B(1)-(3) and (C)(2) above produce high hit counts that the Parties will continue to meet and confer in order to further limit the scope of such searches.

Respectfully submitted,

____/s/_____
Rachel M. Haskell, Esq.

and

____/s/_____
Emma J. Sullivan, Esq.