USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GRACE PARK, et al.,

                                 **Plaintiffs,**

          -against-

FDM GROUP INC., et al.,

                                 **Defendants.**

-----------------------------------------------------------------X

**16-CV-1520 (LTS) (SN)**

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

**SARAH NETBURN, United States Magistrate Judge:**

On August 12, 2020, Plaintiffs in this action, brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), Art. 19 § 650 *et seq.*, filed a motion for preliminary approval of this wage and hour class settlement, conditional certification of the settlement class under Rule 23(b), appointment of class counsel and claims administrator, and approval of the notice of settlement. ECF No. 358. The parties consented to the Court's jurisdiction over this motion. See ECF No. 348.

Having reviewed the Class Settlement Agreement, ECF No. 359, Ex. 1 (the "Class Settlement Agreement") and the parties' submissions, the Court HEREBY ORDERS THE FOLLOWING:

    1.    The Court grants preliminary approval of the Class Settlement Agreement. The proposed agreement appears to be fair, reasonable and adequate such that class members should receive notice of the settlement. See Lizondro-Garcia v. Kefi LLC, 300 F.R.D. 169, 179 (S.D.N.Y. 2014) (courts should permit notice of settlement to be sent to class members where an initial evaluation shows there is the settlement is in the range of possible approval) (collecting

cases). See also Wright v. Stern, 553 F. Supp. 2d 337, 343 (S.D.N.Y. 2008) ("A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (quoting Wal–Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 116 (2d Cir. 2005)). The assistance of an experienced JAMS mediator, Stephen Sonnenberg, reinforces the Court's finding that the settlement is non-collusive.

2. The Court conditionally certifies the Rule 23 class for settlement purposes only. Plaintiffs—who propose a class of over 1,800 members alleging wage and hour violations—appear to meet the requirements for class certification under Rules 23(a) and (b)(3). See Fed. R. Civ. P. 23(a), 23(b)(3); Palacio v. E*Trade Fin. Corp., No. 10-CIV-4030 (RJH) (DCF), 2012 WL 1058409, at *1 (S.D.N.Y. Mar. 12, 2012) (noting "several practical purposes" of provisional settlement class certification "including avoiding the costs of litigating class status while facilitating a global settlement"). The Named Plaintiff and Class Members who take no action (*i.e.* do not opt-out of the settlement) will be deemed "Participating Class Members."

3. For purposes of settlement only, there shall be one state law class, defined as follows:

> a. all persons employed by Defendant as Consultants from February 26, 2010, through December 31, 2019, who were classified by Defendant as exempt and paid pursuant to a hybrid compensation model consisting of base pay and daily bonus payments.

All individuals included within the above definition are eligible to participate in the Settlement.

4. The Parties agree to settle this case for a Gross Settlement Fund of up to $4,135,000.00. The "Net Settlement Fund" means the remainder of the Gross Settlement Fund after deductions for: (i) the Error Fund as described in Section 4.1(D) of the Settlement Agreement, (ii) Court-approved attorneys' fees of $1,378,333.33 and costs not to exceed

$120,000.00, as described in Section 4.2 of the Settlement Agreement, (iii) Court-approved service awards for Named Plaintiff and certain Lead Plaintiffs as described in Section 4.4 of the Settlement Agreement, and (iv) the Claims Administrator's fees as described in Section 4.3 of the Settlement Agreement.

5. Participating Class Members as defined in the Settlement Agreement shall receive a settlement check from the Net Settlement Fund based on their Pro Rata Share.

6. A Class Member's Pro Rata Share shall be determined by the formula set forth in the Settlement Agreement. Any amount of the Net Settlement Fund that is attributable to individuals who timely submit an Opt-Out Statement and any amounts not paid to Participating Class Members (whether because of delivery failures, failures by Participating Class Members to timely and properly present Settlement Distribution Checks for payment, or otherwise) shall be refunded to Defendant.

7. The Court appoints Plaintiffs' counsel, The Law Office of Christopher Q. Davis, PLLC, to be Class Counsel. See Fed. R. Civ. P. 23(g)(1)(A) (in evaluating the adequacy of class counsel, courts should consider "(1) The work counsel has done in identifying or investigating potential claims in the action; (2) Counsel's experience in handling class actions . . . (3) Counsel's knowledge of the applicable law, and (4) The resources that counsel will commit to representing the class."). See also Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (noting that counsel who had "represented plaintiffs in these suits since they were initiated" had "extensively investigated potential claims in the action."). The Court also appoints RG/2 Claims Administration, the administrator the parties jointly designate, as the third-party settlement claims administrator.

8.      The Court may properly oversee a release by Participating Class Members of FLSA and state wage and hour claims. See Damassia, 250 F.R.D. at 162-63. For purposes of settlement only, the Court exercises supplemental jurisdiction over Named Plaintiff and the Lead Plaintiffs' and the Class Members' NYLL claims and approves the release of all state and local wage and hour claims, together with FLSA claims in the manner described in the Settlement Agreement.

9.      A final fairness hearing on the question of whether the proposed Settlement Agreement should be finally approved as fair, reasonable, and adequate is scheduled for January 19, 2021, at 10:00 a.m. The hearing will be held telephonically. At that time, the parties shall and anyone wishing to participate shall call into the Court's dedicated teleconferencing line at (877) 402-9757, and enter Access Code 793-8632, followed by the pound (#) key.

10.     The Court approves the procedures for Class Members to opt out of or object to the Settlement, as set forth in the Settlement Agreement and the Proposed Notice. ECF No. 359, Ex. 1. Plaintiffs are directed to distribute the Proposed Notice to the Class in the following manner:

   a. Within 15 days of this Order, Defendant FDM Group, Inc. ("FDM") shall provide Plaintiffs' Counsel and the Claims Administrator with a class contact list, in electronic form, that includes all of the information set forth in the Settlement Agreement, and Plaintiffs' Counsel shall provide Defendant's Counsel and the Claims Administrator with the Consultants who received Premium Pay pursuant to FDM's records provided during discovery and the approximate number of hours worked for which each such Consultant received such Premium Pay.

   b. Within 40 days of this Order, the Claims Administrator will mail the Court-approved Notices to Class Members via First Class United States Mail.

   c. On or before the applicable Opt-Out Period, as defined in Sections 1.25 and 2.6(B) of the Settlement Agreement, a Class Member's Opt-Out Statement must be completed and postmarked.

   d. The Claims Administrator will stamp the receipt date on the original of each Opt-

      Out Statement and Objection that it receives and shall send copies to Counsel via email no later than three (3) days after receipt. The Claims Administrator will file the date-stamped originals of any and all objections with the Court no later than 14 days prior to the Final Fairness Hearing. With their Motion for Final Approval, Class Counsel will file with the Clerk of the Court copies of all Opt-out Statements.

e.   If the Court grants the Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

f.   Each Participating Class Member will have 90 days from the date of mailing to endorse and cash their Initial Settlement Distribution Checks. Any uncashed Initial Settlement Distribution Checks or Service Awards shall revert to Defendant after the expiration of 90 days from the date of mailing. Within 180 days of the Effective Date, if any funds remain in the Error Fund, the Claims Administrator will make a subsequent distribution to each Participating Class Member using the allocation method set forth in Section 4.5 of the Agreement, and issue Subsequent Settlement Distribution Checks accordingly. Class Members will have 90 days from the date of mailing to endorse and cash their Subsequent Settlement Distribution Checks. Any uncashed Subsequent Settlement Distribution Checks shall revert to Defendant after the expiration of 90 days from the date of mailing.

g.   The "Effective Date" is the last of the following dates: (i) the date 31 days after the entry of an Order by this Court granting final approval of the Settlement, if there are no timely appeals; or (ii) if there is a timely appeal of this Court's decision granting final approval, the day after all appeals are resolved in favor of final approval.

h.   No more than ten (10) days after the Effective Date, Defendants shall deposit the Gross Settlement Fund to the Escrow Account.

i.   No more than twenty-one (21) days after the Effective Date, the Claims Administrator shall pay the Claims Administrator's total fees, mail Settlement Checks to the Participating Class Members, mail the attorneys' fees and costs to Class Counsel, and mail the Service Awards.

11.   To validly object to the Settlement Agreement, an objecting Class Member must provide the following information in the written objection: (i) the objecting Class Member's full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Class; (iii) a statement of the position(s) the objecting Class Member wishes to assert, including the factual and legal grounds for the position; (iv) copies of any other

5

documents that the objector wishes to submit in support of his or her position; (v) whether the objecting Class Member intends to appear at the Fairness Hearing on with or without separate counsel; and (vi) if the objecting Class Member intends to appear at the Fairness Hearing with separate counsel, the identities of all attorneys who will separately represent the objecting Class Member.

12. Pending the Fairness Hearing, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are stayed.

13. To facilitate administration of the Settlement Agreement pending final approval, the Court hereby enjoins all Class Members from filing or prosecuting any claims, suits, or administrative proceedings regarding claims released by the Settlement Agreement unless and until such Class Members have filed valid requests for exclusion. This includes any Class Member's continuing prosecution of related claims before the New York State Department of Labor.

14. No later than Monday, January 4, 2021, Plaintiffs' counsel shall move and file a memorandum of law in support of final approval of the Settlement Agreement, an award of attorney's fees and costs, and service payments to the named plaintiffs.

15. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 358.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   September 8, 2020
         New York, New York