EXHIBIT A_PROPOSED ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRACE PARK, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>FDM GROUP, INC.<br><br>Defendant. | Civil Action No. 16-CV-1520 (LTS)(SN)<br><br>**Hon. Judge Sarah Netburn** |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT AND APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

This matter came before the Court on the application of the Plaintiffs for final approval of the settlement between Plaintiffs and Defendant FDM Group, Inc., as set forth in the Settlement Agreement (the "Settlement," or "Settlement Agreement") preliminarily approved by this Court on September 8, 2020. The Court, having held a Final Fairness Hearing on January 19, 2021 and having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises, and good cause appearing therefore, on this ____ day of _____, 2021,

**IT IS HEREBY ORDERED THAT:**

1. For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions as set forth in the Settlement Agreement executed by the Parties and filed with this Court.

2. This Court hereby approves the settlement set forth in the Settlement Agreement

and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Class Members in accordance with Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216.  This Settlement Agreement is the product of arm's-length settlement negotiations.

3.     The Court finds that the Notices fairly and adequately advised Class Members and of the nature of the action, a description of the Class and Collective Action, the Class Members' right to exclude themselves from the settlement, the right of Class Members to object to the settlement, the right of Class Members and Collective Members to be represented by their own counsel, and the right of Class and Collective Members to appear at the Final Fairness Hearing. Class and Collective Members were provided the best notice practicable under the circumstances. The Court further finds that the Notices and distribution of such Notices complied fully with Fed. R. Civ. P. 23, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the United States Constitution, and any other applicable laws, as appropriate.

4.     No Class Members objected to the Settlement and only three (3) Class Members submitted a request for exclusion from the Settlement by submitting an Opt-Out Statement.  As such, almost 99% of the Class Members who received the Notice are participating in the Settlement.

5.     The Court hereby grants Plaintiffs' Counsels' Motion for Attorneys' Fees and awards Class Counsel's Firm a total of one million three hundred and seventy-eight thousand three hundred and thirty-three dollars and thirty-three cents ($1,378,333.33) or one-third of the Gross Settlement Fund.  *See Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007) (holding that "[t]he entire Fund, and not some portion thereof, is created through the efforts of counsel at the instigation of the entire class" and thus fees should be allocated based on "total funds made available, whether claimed or not"); *see also In re Nassau Cnty. Strip Search Cases*, 12 F.

Supp. 3d 485, 492–93 (E.D.N.Y. 2014) (noting "that the percentage is applied to the total amount recovered on behalf of the class (i.e. the 'common fund'), not to the lesser sum that in all probability will be claimed by members of the class from that fund"); *In re Nigeria Charter Flights Litig.*, No. 04-CV-304, 2011 WL 7945548, at *5 (E.D.N.Y. Aug. 25, 2011) (holding that controlling Second Circuit precedent set forth in *Masters* requires the percentage of the common fund be based on the entire fund not the value of claims made), *report and recommendation adopted,* No. 04-CV-304, 2012 WL 1886352 (E.D.N.Y. May 23, 2012); *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 59 (E.D.N.Y. 2010).

6. The Court further finds that the amount of fees requested is fair and reasonable using the "percentage-of-recovery" method, which is consistent with the "trend in this Circuit." *McDaniel v. Cty. Of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010); *see Diaz v. E. Locating Serv.*, No. 10 Civ. 4082, 2010 WL 5507912, at *7-8 (S.D.N.Y. Nov. 29, 2010) (following percentage-of-the-fund method); *deMunecas v. Bold Food, LLC*, No. 09 Civ. 00440, 2010 WL 3322580, at * 8-9 (Aug. 23, 2010 S.D.N.Y.) (same); *Clark v. EcoLab Inc.*, 2010 WL 1948198, at *8-9 (S.D.N.Y. May 11, 2010) (same); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 WL 5841177, at *4 (S.D.N.Y. May 28, 2009) (same); *Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 261-62 (S.D.N.Y. 2003) (collecting cases adopting the percentage-of-the-fund method); *In re NASDAQ Market-Makers Antitrust Litig.,* 187 F.R.D. 465, 483-85 (S.D.N.Y. 1998) (same).

7. The Court awards Service Payments to be paid out of the Gross Settlement Fund as follows: twenty thousand dollars ($20,000) to Grace Park, ten thousand dollars ($10,000) to Oronde Bell, and fifteen hundred dollars ($1,500) to Daniel Ferguson, Steve Coupet, Philip Zeiss, Selenny Luna, Rui Lin, Milosz Kowal, Anthony Ross, Elton Dakaj, Joseph Gaglione, Mario

3

Alexandre, Philip Kim, Tia Mosobbir, John Campagna, Choudhury Ahmed, Kishan Patel, Jeremy Moulton, Ramin Shirvani, Matin Babaez, and Lawrence Leo.  These Service Awards are reasonable and are awarded in recognition of the services they each rendered on behalf of the Class and allocated in accordance with the level of involvement of each of the above referenced individuals.

8. The Court approves an amount not to exceed one hundred and twenty thousand dollars ($120,000) to be paid from the Gross Settlement Fund for costs and expenses incurred by Class Counsel in litigating this matter.

9. The Court approves an amount not to exceed twenty-five thousand one hundred and eighty-eight dollars ($25,188) to be paid from the Gross Settlement Fund for the costs and expenses incurred by the Claims Administrator, RG/2 Claims Administration.

10. This action shall be and hereby is dismissed on the merits with prejudice.  All Participating Class Members, meaning all Rule 23 Class Members except the three (3) Class Members who requested to be excluded, are hereby permanently barred from prosecuting against the Released Parties (as defined in the Settlement Agreement at Section 1.32) any and all Released State Law Claims including but not limited to those claims previously dismissed in the Litigation, as set forth in Section 5.1(A) of the Settlement Agreement.

11. In addition, the Named Plaintiff, Lead Plaintiffs, and all Opt-in Plaintiffs, including all Participating Class Members who endorse their Initial Settlement Distribution Checks and/or Subsequent Settlement Distribution Checks shall release both the Released State Law Claims and the Released Federal Law Claims, and are permanently barred from prosecuting against the Released Parties any and all Released State Law Claims and Released Federal Law Claims

including but not limited to those claims previously dismissed in the Litigation, as set forth in Section 5.1(B) of the Settlement Agreement.

12. Additionally, the Class Representatives and Plaintiffs receiving a Service Award shall additionally release the Released Parties from all claims relating to their employment or termination of employment from Defendant, any contract (express or implied), any claim for equitable relief or recovery of punitive, compensatory, or other damages or monies (including claims as to taxes), attorneys' fees, any tort, and all claims arising under federal, state or local laws, rules or regulations as set forth in Section 5.1(C) of the Settlement Agreement.

13. Though the Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement, the judgment is a Final Judgment in accordance with the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement and this Order.

**SO ORDERED**:

_____
Hon. Judge Sarah Netburn

Date:_____